UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EAGGON S. LEE, )<br>)<br>Defendant. ) | Case No. CR10-5408-RJB<br><br>**FINDINGS OF FACT AND**<br>**CONCLUSIONS OF LAW** |

## INTRODUCTION

On June 4, 2010 defendant was convicted after a bench trial of Failure to Stop at a Posted Sign and Driving While License Suspended in the Third Degree (DWLS) in case numbers 2285914 and 2285915.  He was fined $135 for the DWLS and $80 for failure to stop.  Defendant filed an appeal to the "Federal District Court from the verdict and sentence."  Dkt. 2.

The parties then filed a Joint Motion To Remand to the Trial Court for Findings of Fact pursuant to Fed. R. Crim. P. 23(c) which states that "[i]f a party requests before a finding or guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion."  Dkt. 8.

The thrust of the motion is the parties' belief that "the trial court's conclusions of fact related to Mr. Lee's due process and lack of notice from the State of Washington of suspension

FINDINGS OF FACT AND CONCLUSIONS OF LAW- 1

of his driving privileges, will properly focus the parties' arguments as well as facilitate the Court's review." *Id.* The Honorable Robert J. Bryan granted the motion and the Court therefore enters the following findings of fact.

**FINDINGS OF FACT**

1. On January 10, 2010 Specialist Christopher Oggenfuss, a military police officer, while on duty on Fort Lewis Army Base saw a car driven by defendant Eaggon Lee fail to stop at a stop sign.

2. Specialist Oggenfuss stopped defendant; defendant gave the officer a Hawaii driver's license and a military ID card.

3. Defendant was issued violation numbers 2285915 and 2285914 for DWLS and Failure to Stop at a Stop sign. The address for defendant listed on the infractions is 1137 Palisade Blvd., Dupont WA 98327.

4. Steven Young is a customer service specialist and records custodian for the Washington State Department of Licensing ("DOL").

5. DOL's records show defendant has a Hawaii driver's license and that 1717 Noe Street, Honolulu, Hawaii 96819 is his DOL address of record and the address maintained by the department.

6. Defendant lived at 1717 Noe Street, Honolulu, Hawaii 96819 before coming to Washington and this is the address listed on his Hawaii driver's license.

7. A driver may submit DOL forms to DOL to make changes to his or her address of record. Defendant has not submitted to DOL forms to make a change to his address of record. DOL does not change a driver's address of record based on the address contained in an infraction.

8. On November 9, 2008 defendant received a traffic infraction in Washington State. The address for defendant listed on the infraction was 11007 4th Ave. Court East, Tacoma, Washington 98445.

8. The infraction was sent to DOL on March 12, 2009. Based on this infraction, DOL on March 30, 2009, mailed defendant a notice that his privilege to drive in Washington would be suspended on May 14, 2009 if he did not contest or respond to the notice.

9. DOL mails suspension notices to the driver's address of record. DOL mailed the suspension notice in this case to 1717 Noe Street, Honolulu, Hawaii 96819, the address DOL had on record as defendant's address.

10. Defendant did not state what his mailing address was on March 30, 2009 but stated he did not receive the suspension notice.

12. Defendant is in the military. He was in Iraq from November 2008 to late June or early July 2009 before returning to Washington.

13. Defendant's privilege to drive in Washington State was suspended on May 14, 2009 and remained suspended until February 1, 2010.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction under 18 U.S.C. § 7 and § 13 and venue is proper.

2. The Court considered and weighed all of the evidence and finds the United States has proven beyond a reasonable doubt that defendant is guilty of both Failure to Stop at a Posted Stop Sign and DWLS.

3. The Court considered defendant's argument that as applied to his case, the suspension notice DOL sent to defendant's address of record in Hawaii denied defendant due process. There is no dispute that DOL sent defendant a suspension notice to his address of record before

FINDINGS OF FACT AND CONCLUSIONS OF LAW- 3

suspending his privilege to drive in compliance with state law.  Defendant however, argued that DOL's procedures, as applied, violated his due process rights by failing to provide defendant notice.  Specifically he contends that a state court sent DOL a copy of a 2008 traffic infraction that defendant failed to pay and that infraction contained an address for defendant that was different than the address DOL had on record.

As such, defendant argues due process compelled DOL to send defendant suspension notices to both the DOL address of record and the address on the 2008 infraction.  Had DOL done this, defendant claims he would have received the suspension notice because the address in the infraction was "a mailing address that would have worked."  The evidence does not support this argument.  First there is no evidence DOL had actual knowledge that defendant no longer lived at the address of record in Hawaii and was living at the address listed in the infraction.  In fact, defendant argued he never submitted DOL forms to DOL to make changes to his address of record because he was under no obligation to do so.

Second, there is no evidence defendant was living at the address listed in the 2008 infraction when DOL mailed the suspension notice in 2009.  The evidence showed the infraction was issued in November 2008.  Defendant was deployed to Iraq from November 2008 to late June or early July 2009.  During that time period he obviously was no longer living at the address listed on the 2008 state traffic infraction.  Defendant never testified that when he returned to Washington, he resided at the address listed in the 2008 infraction.  Hence sending defendant the infraction to the 2008 address would not have "worked."

Third, after defendant returned to Washington in early July 2009, he moved to yet another address.  This is evidenced by the fact that when he was stopped on January 10, 2010, in this case, the address he gave was 1137 Palisade Blvd., Dupont WA 98327 and not the Tacoma

FINDINGS OF FACT AND CONCLUSIONS OF LAW- 4

1  address listed in the 2008 infraction.

2  The Court concludes that as applied to this case, the suspension notice DOL sent to

3  defendant did not deny defendant due process of law.

4  4. The Court found defendant guilty of both infractions and imposed fines of $135 for the

5  DWLS and $80 for failure to stop

6  DATED this 27th day of August, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge

FINDINGS OF FACT AND CONCLUSIONS OF LAW- 5